

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00148-CV

Oscar **BENAVIDES**, Felicitas Benavides, and S.W. ROE, Inc.,
Appellants

v.

**AEGIS ASSET BACKED SECURITIES, LLC**; American Savings Life Insurance Co.; and
Substitute Trustee Sandra Mendoza,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2020-CVG-000092-D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: September 29, 2021

DISMISSED FOR LACK OF JURISDICTION

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Id*. at 205. An appeal may also be taken from certain interlocutory orders as authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). Because the clerk's record in this case does not show that the trial court has disposed of all claims and parties before it, we dismiss this appeal for lack of jurisdiction.

In their original petition, Oscar Benavides, Felicitas Benavides, and S.W. Roe, Inc. ("Appellants") sued Aegis Asset Backed Securities ("Aegis"), American Savings Life Insurance Company ("American Savings"), and substitute trustee Sandra Mendoza ("Mendoza") for wrongful foreclosure, declaratory judgment, breach of contract, unjust enrichment, negligence, gross negligence, breach of fiduciary duty, fraud, and consumer protection and property code violations. Aegis, American Savings, and Mendoza answered Appellants' suit, denying the allegations in the petition. Additionally, Aegis counterclaimed for breach of contract, and American Savings counterclaimed for fraud, fraudulent inducement, negligent misrepresentation, and breach of contract.

American Savings and Mendoza filed an amended motion for traditional and no-evidence summary judgment, asking the trial court to render a take-nothing judgment on the Appellants' claims and to award attorney's fees to American Savings. On March 2, 2021, the trial court signed an order granting American Savings and Mendoza's summary judgment motion.

On April 16, 2021, Appellants filed a notice of appeal, indicating that Appellants were appealing a "judgment expected to be signed today." But the clerk's record does not contain an order or judgment signed on April 16, 2021, and nothing else in the clerk's record indicates that the trial court signed an order or judgment on or about that date.

In a docketing statement filed in this court, Appellants state that they are appealing the summary judgment order signed on March 2, 2021. The trial court's March 2, 2021 order is interlocutory because it does not dispose of all parties and causes of action and it does not clearly and unequivocally state that it finally disposes of all claims and parties. *See Lehmann*, 39 S.W.3d at 205 ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless

it clearly and unequivocally states that it finally disposes of all claims and all parties."). No statute authorizes an interlocutory appeal from the trial court's March 2, 2021 order.

Because it appeared that no final judgment existed in this case, we issued an order requiring Appellants to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. In their response, Appellants do not dispute that the March 2, 2021 order is interlocutory and not immediately appealable, and they do not state that a final judgment has been signed by the trial court. Accordingly, we dismiss this appeal for lack of jurisdiction.[1]

PER CURIAM

---

[1] In their response, Appellants request an unspecified amount of time to "finalize this case" in the trial court and an extension of time to file their brief. These requests are denied as moot; however, dismissal of this appeal does not prevent Appellants from later pursuing a timely appeal from a final judgment in this case.